IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KELLY RUSS and ANTHONY MEAD, individually and on behalf of all other Ohio residents similarly situated, | ) ) ) ) | CASE NO. 2:19-CV-5487  JUDGE SARAH MORRISON |
| Plaintiffs, | ) ) | MAGISTRATE JUDGE VASCURA |
| v. | ) ) | |
| TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY and TRAVCO INSURANCE COMPANY, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## JOINT STATUS REPORT

In accordance with the Court's Order dated February 14, 2020, Plaintiffs Kelly Russ and Anthony Mead, and Defendants Travelers Property Casualty Insurance Company and TravCo Insurance Company (collectively, "Travelers"), respectfully submit this joint status report.

On March 18, 2020 and March 23, 2020, respectively, the Sixth Circuit issued opinions in *Perry v. Allstate Indem. Co.*, __ F.3d. __, 2020 WL 1284960 (6th Cir. Mar. 18, 2020) and *Cranfield v. State Farm Fire & Cas. Co.*, No. 19-3004, 2020 WL 1482147 (6th Cir. Mar. 23, 2020) (unpublished, following *Perry*), addressing the central legal issue presented by Plaintiffs' Amended Complaint in this putative class action case.

The parties set forth their positions regarding further proceedings in this case as follows:

### TRAVELERS' POSITION

Travelers respectfully requests that this case remain stayed, and that Travelers have until 21 days after the mandate is issued in *Perry* to file its response to the Amended Complaint, and

10589-41395\01368286.000

for the parties to submit another status report with joint or competing proposals for further proceedings.[1] The mandate in *Perry* will be issued after rehearing *en banc* is denied or, in the event that rehearing *en banc* is granted, after the case is decided *en banc*. *See* Fed. R. App. P. 41(b). Allstate recently filed a petition for rehearing and rehearing *en banc* in *Perry*, and State Farm has obtained an extension of time until April 20, 2020 to file such a petition in *Cranfield*.[2] Neither *Perry* nor *Cranfield* is a final decision until the mandate issues, which will not occur until after a decision by the Sixth Circuit on whether to grant rehearing or rehearing *en banc*. *See Powell v. Sepanek*, No. CIV. 0:13-072-HRW, 2013 WL 3423263, at *2 (E.D. Ky. July 8, 2013) (explaining that "the decision of a federal appeals court is not final until the court enters its mandate. The delay before the mandate issues is designed to permit the parties to the appeal to seek rehearing, either by the panel or by the Sixth Circuit sitting *en banc*. Reliance upon a decision of an appellate court prior to entry of the mandate invites unnecessary error, and will thus be avoided.") (citations omitted).

Travelers' decision with respect to how to proceed with the litigation or resolution of this case is heavily dependent on the final outcome in *Perry*, and therefore Travelers believes that it is most efficient to await a decision on the petition for rehearing before further proceedings, to avoid

---

[1] Travelers focuses on the issuance of the mandate in *Perry* because *Perry* was issued as a published opinion, while *Cranfield* is unpublished and simply follows *Perry*.
[2] Although rehearing *en banc* is rare, there was a dissent in *Hicks v. State Farm Fire & Cas. Co.*, 751 F. App'x 703 (6th Cir. 2018), in which the majority opinion was relied upon in *Perry*, and there was a concurring/dissenting opinion in *Perry*. Another judge who now sits on the Sixth Circuit concluded, while sitting as a district judge, that a labor depreciation case presented issues of fact that needed to be determined on a case-by-case basis. *Brown v. Travelers Cas. Ins. Co. of Am.*, No. 15-50-ART, 2016 WL 1644342, at *2–4 (E.D. Ky. Apr. 25, 2016) (Thapar, J.). Thus, there is a diversity of opinion within the Sixth Circuit on the question presented in *Perry* and *Cranfield*.

potentially unnecessary costs and effort by the parties and the Court. Such a stay will also likely allow time for the expiration of the current national emergency associated with COVID-19, which currently would prevent any non-emergency in-court proceedings and other in-person meetings or events in this case or any travel that may be necessary for such events, through at least June 1, 2020, in accordance with Southern District of Ohio General Order No. 20-08. Travelers accordingly requests that the Court allow Travelers to learn the final outcome in *Perry* before responding to the Amended Complaint or proposing a schedule for other further proceedings.

Travelers contends that Plaintiffs' position as stated below is inaccurate and mischaracterizes what Travelers has done subsequent to issuance of the *Perry* opinion. Travelers has chosen not to apply depreciation to the labor component of estimated replacement cost value only on insurance claims that were received on or after March 27, 2020, or were in open status on that date. Adjustments were made to estimates and supplemental payments were issued only on open claims. Travelers chose to take this step as a cautious approach in the event that rehearing is denied in *Perry*, or rehearing is granted but the result remains the same. If the Sixth Circuit on rehearing rules in favor of Allstate, Travelers intends to resume applying depreciation to the full replacement cost value (including the labor component thereof), although it will not seek a refund from customers whose post-March 27, 2020 open claims were adjusted in accordance with the new procedure described above.

## **PLAINTIFFS' POSITION**

While Travelers takes the litigation position here that it cannot move forward with this case until a mandate issues in *Perry*, its business position is the opposite. Indeed, since issuance of the *Perry* decision Travelers has begun to refund labor depreciation (with interest) to putative class

member Ohio policyholders, and represents in letters to those policyholders that it is doing so "as a result of a recent court decision." Yet, here it believes it cannot proceed until a mandate issues. Travelers arguments thus ring hollow.

Accordingly, Plaintiffs believe the case should proceed without waiting for the outcome of any petitions for rehearing and/or rehearing *en banc* in *Perry* and *Cranfield*-just as Travelers is proceeding as a matter of business. Thus, Plaintiffs respectfully request that the Court set a deadline for the parties to submit their Fed. R. Civ. P. 26(f) report thirty (30) days from the Court's action on this Joint Status Report and that Defendants' deadline to answer or otherwise respond to the Complaint be due the same date as the deadline to submit the Rule 26(f) report. The case should not remain stayed while Travelers continues to attempt to settle putative class members' claims.

Respectfully submitted,

| OF COUNSEL: | */s/ Stephen G. Whetstone*  per email authority 4/17/20<br>STEPHEN G. WHETSTONE (0088666)<br>P.O. Box 6<br>2 N. Main Street, Unit 2 |
|---|---|
| WHETSTONE LEGAL, LLC<br>P.O. Box 6<br>2 N. Main Street, Unit 2<br>Thornville, Ohio 43076<br>(740) 974.7730; FAX: (614) 829.3070 | Thornville, Ohio 43076<br>Telephone: 740.974.7730<br>Facsimile: 614.829.3070<br>Email: steve@whetstonelegal.com<br><br>and |
| OF COUNSEL:<br><br>MEHR, FAIRBANKS & PETERSON<br>TRIAL LAWYERS, PLLC<br>201 West Short Street, Suite 800<br>Lexington, Kentucky 40507<br>(859) 225-3731; FAX (859) 225-3830 | */s/ Erik D. Peterson*  per email authority 4/17/20<br>ERIK D. PETERSON (PHV KY Bar 93003)<br>201 West Short Street, Suite 800<br>Lexington, Kentucky 40507<br>Telephone: 859-225-3731<br>Facsimile: 859-225-3830<br>E-mail: edp@austinmehr.com<br>*Trial Attorneys for Plaintiff and the Proposed Class* |

|  |  |
|---|---|
| OF COUNSEL: | */s/ John C. Albert* <br> JOHN C. ALBERT (0024164) |
| CRABBE, BROWN & JAMES, LLP <br> 500 South Front Street, Suite 1200 <br> Columbus, OH 43215 <br> (614) 228-5511 FAX: (614) 229-4559 | 500 South Front Street, Suite 1200 <br> Columbus, OH 43215 <br> Telephone: 614-229-4528 <br> Facsimile: 614-229-4559 <br> E-mail: jalbert@cbjlawyers.com <br> *Trial attorney for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ John C. Albert*
JOHN C. ALBERT    (0024164)
*Counsel for Defendants*